## No. 130.

### WEILLER & ELLIS *v.* J. W. BLANKS *et al.*

1. A judgment of revival, does not validate or otherwise alter the nature or effect of the original judgment

2. The fact that a plaintiff has appealed from a judgment in his favor, not entirely satisfactory to him, does not prevent him from suing for its revival.

3. Such a proceeding for revival will not prejudice his rights on appeal.

4. Judgments for money are prescribed by ten years from the date of their rendition.

5. The prescription in such case runs from the date of the rendition by the inferior court and not from that of its confirmation by the appellate tribunal.

6. The date of such "rendition" by the inferior court, is that of the signing of the judgment by the judge thereof.

7. The pendency of an appeal, even suspensive, does not stay the course of prescription against a judgment, no matter whether plaintiff or defendant be appellant.

*Appeal from the Civil District Court, Division D.   Righter,*
*Judge.*

*D. C. & L. L. Labatt* for plaintiffs and appellants.

*Singleton & Browne* for defendants.

ROGERS, J.—The late Fourth District Court for the parish
of Orleans rendered judgment in favor of plaintiffs against
defendants.   Plaintiffs appealed to the Supreme Court for the
reasons, as shown by their motion of appeal, that Peterson &
Hill, who had intervened, had been, in the same judgment, de-
creed the owners of certain property, which plaintiffs had
sequestered and upon which they claimed a lien and privilege.
In 1873 the Supreme Court affirmed the judgment against
Blanks & Co., who had taken no appeal, and set aside the
judgment which had decreed Peterson & Hill the owners of
the property sequestered.   In March, 1870, plaintiffs issued
execution against Blanks & Co. without realizing.   In 1881 a
*pluries fi. fa.* was issued and the seizure made thereunder ar-
rested by the defendants, on the ground that the judgment was
prescribed by the lapse of ten years since its rendition.

It is contended, before us, by the able counsel for plaintiffs,
that the judgment of 1869, was set aside and annulled by
that of the Supreme Court in 1873, which was the final judg-
ment in the case; that the plaintiffs who had obtained the
judgment in the court *a qua* were not satisfied and had suspen-
sively appealed.

We can see no distinction in the application of the rule as to
whether plaintiff or defendant takes the appeal—with more
reason could it be urged when the defendant takes the suspen-
sive appeal, because plaintiff is thereby prevented from execu-
ting his judgment.   This is best illustrated by the facts of this
case.   Plaintiff notwithstanding his appeal sought to make the
judgment out of Blanks—he had this right, because Blanks &
Co. had not appealed.   They were satisfied with the judgment
against them, and the only issue still undetermind and on ap-
peal, was as to the ownership of certain property upon which
plaintiffs claimed, and, as it subsequently proved, were entitled

to a lien and privilege. But plaintiffs to realize their judgment were not limited to this particular property, their lien was only an additional security for the payment of their claim, they still had a final judgment against Blanks & Co., by virtue of which, at any time, they might have delivered into the custody of the law any property subject to seizure, and if there was a doubt on this point, plaintiffs have furnished an interpretation by an execution issued at their own instance, in 1870. It is not necessary to determine that because they issued their execution in 1870 they abandoned their appeal—it is really not a question to be urged by Blanks & Co. now, who seek a decree declaring the judgment against them extinguished by reason of the prescription of ten years. We have entered upon the discussion of the views just enunciated, as the counsel for appellants have labored with much fervor in oral and printed argument to show that the error of our brother of the District Court resulted from a misconception of certain authorities, which we think are totally inapplicable to the case, because one who is pursuing his rights in court cannot be said to be sleeping on his rights, which axiom is the excuse for this mode (prescription) of extinguishing obligations.

In our opinion, however, the judge *a quo* was correct. 1st. It is immaterial whether the appeal is at the instance of the plaintiff or defendant. If a plaintiff has obtained a judgment, though it may not be all he desired, and he is seeking on appeal to improve it, he can revive it before the expiration of ten years, and he would not thereby prejudice his rights. The judgment of revival "in no respect validates the original judgment, or corrects any defect in it if such exists." It does not impart to it any additional force or effect, but simply keeps it alive, preserves its validity and prevents its extinction by the lapse of time." Marbury *v.* Pace, 30 La. An. 1331.

2dly. Under the Acts of 1853, p. 250, "judgments for money shall be prescribed by the lapse of ten years from the *rendition* of said judgment." The Supreme Court has determined that this statute is clear and free from ambiguity, and that tribunal

has decided that the terms do not apply to the *rendition of the judgment by the Supreme Court*, because the statute says it " shall be prescribed by the lapse of ten years from the *rendition* thereof, unless revived before they are prescribed by having *citation issued from the court which rendered them*." Arrowsmith *v.* Durel, 21 La. An. 296. " The rendition of the judgment is the signing thereof by the judge." Walker *v.* Succession of Hays, 23 La. An. 177.

3rdly. " Prescription is a creature of positive law. The law is mandatory and courts are bound to obey it." Yale *v.* Randle, 23 La. An. 580.

" So far from the pendency of an appeal from the original judgment being a good reason why proceedings should not be taken to revive it, the want of such proceedings will enable the judgment debtor to plead its extinguishment by prescription, for it is now settled doctrine that whether an appeal from the original judgment be devolutive or suspensive, *its* pendency does not dispense the plaintiff who obtained it from instituting his action for its revival and citing the defendant to answer thereto." Marbury *v.* Pace, 30 La. An. 1331.

We are not called upon to determine the rights of plaintiffs as to the intervenors Peterson & Hill. We are dealing with the judgment rendered against Blanks & Co, who, with the plaintiffs, are the only parties before us.

Judgment affirmed.

Rehearing refused.